IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONARD BROOKS, et al**<br>Plaintiffs,<br>v.<br>**SCHOOL DISTRICT OF PHILADELPHIA, et al**<br>Defendants | :    **CIVIL ACTION**<br>:    **NO. 09-1888**<br>:<br>:<br>: |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

Defendants School District of Philadelphia, Joseph Bahm and Arlene Ackerman, by their undersigned counsel, hereby file this Reply Memorandum in support of their Motion for Summary Judgment:

**Plaintiff's response fails to state a basis for recovery**

A failure to act cannot form the basis of a § 1983 claim under the "state-created danger" doctrine. See, e.g., Kaucher v. County of Bucks, 455 F.3d 418, 433 n.11 (3d. Cir. 2006). In an apparent attempt to evade this well-established rule, Plaintiffs seek to convince the Court that Principal Bahm's assurance to them that the incident would not be repeated was an affirmative act that rendered Leonard, Jr. more vulnerable to harm. Under nearly identical factual circumstances, however, The Third Circuit expressly rejected the notion that an assurance and a subsequent reliance on that assurance constitute an affirmative exercise of state authority. Bright v. Westmoreland County, 443 F.3d 276, 284 (3d. Cir. 2006).

1

In Bright, a police officer assured the plaintiff approximately three weeks prior to his daughter's murder that the perpetrator would be arrested. Id. The plaintiff claimed that "in reliance upon these assurances, [he] failed to take defensive actions, such as leaving the area with his family, hence creating the opportunity for the damages ultimately sustained." Id. The Court found the Supreme Court's decision in DeShaney directly relevant to this matter, specifically, the language in the holding that "no 'affirmative duty to protect arises . . . from the State's . . . expressions of intent to help' an individual at risk." Id. (quoting DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 103 L.Ed.2d 249 (1989). Significantly, the Court noted that the plaintiff "does not, and cannot, claim that the state in any way restricted his freedom to act on his family's own behalf." Id.

Plaintiffs in the instant case present a similar argument that is precluded by the DeShaney and Bright decisions. Principal Bahm did no more than the police officer in Bright when he allegedly assured the Plaintiffs that actions would be taken to protect Leonard, Jr. Furthermore, Plaintiffs claim that they relied upon the alleged assurance by, like the Plaintiff in Bright, failing to take defensive action (i.e. removing Leonard, Jr. from school). Here, as in Bright, the state in no way restricted Plaintiffs' freedom to act on their family's own behalf. Plaintiffs were completely free to remove Leonard, Jr. from school after the first incident, or at any time they wished. Therefore, Plaintiffs' argument has already been addressed and rejected by the Third Circuit, and their "state-created danger" claim must fail as a matter of law.

Defendants respectfully request the Court to grant their summary judgment motion

Respectfully submitted,

_____
Diane Bernoff Sher[1]
Assistant General Counsel
Attorney for Defendants
440 N. Broad Street, 3rd Floor
Philadelphia, PA 19130
215-400-5610 (p)
215-400-4121 (f)

Date: June 17, 2010

---

[1] The School District gratefully acknowledges the assistance of Eric J. Kotloff, a summer intern in the Office of General Counsel, for his assistance in the preparation of the within Reply Memorandum. Mr. Kotloff expects to graduate from Villanova University School of Law in 2011.

## CERTIFICATE OF SERVICE

I hereby certify that the attached Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment has been filed electronically on June 18, 2010 and is available for viewing and downloading from the ECF system.

Matthew B. Weisberg, Esquire
Prochniak & Weisberg, P.C.
7 S. Morton Avenue
Morton, PA  19070

s/Diane B. Sher
Attorney for Defendant
School District of Philadelphia
and Arlene Ackerman