IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONARD BROOKS, et al** | **CIVIL ACTION** |
| **Plaintiffs,** : | **NO. 09-1888** |
| v. : | |
| **SCHOOL DISTRICT OF PHILADELPHIA, et al** : | |
| **Defendants** : | |

### AMENDED REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants School District of Philadelphia, Joseph Bahm and Arlene Ackerman, by their undersigned counsel, hereby file this Amended Reply Memorandum in support of their Motion for Summary Judgment, as the previously filed Reply Memorandum inadvertently omitted the final paragraphs contained herein. Defendants apologize for any inconvenience.

**Plaintiff's response fails to state a basis for recovery**

A failure to act cannot form the basis of a § 1983 claim under the "state-created danger" doctrine. See, e.g., Kaucher v. County of Bucks, 455 F.3d 418, 433 n.11 (3d. Cir. 2006). In an apparent attempt to evade this well-established rule, Plaintiffs seek to convince the Court that Principal Bahm's assurance to them that the incident would not be repeated was an affirmative act that rendered Leonard, Jr. more vulnerable to harm. Under nearly identical factual circumstances, however, The Third Circuit expressly rejected the notion that an assurance and a subsequent reliance on that assurance

1

constitute an affirmative exercise of state authority. Bright v. Westmoreland County, 443 F.3d 276, 284 (3d. Cir. 2006).

In Bright, a police officer assured the plaintiff approximately three weeks prior to his daughter's murder that the perpetrator would be arrested. Id. The plaintiff claimed that "in reliance upon these assurances, [he] failed to take defensive actions, such as leaving the area with his family, hence creating the opportunity for the damages ultimately sustained." Id. The Court found the Supreme Court's decision in DeShaney directly relevant to this matter, specifically, the language in the holding that "no 'affirmative duty to protect arises . . . from the State's . . . expressions of intent to help' an individual at risk." Id. (quoting DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 200, 109 S. Ct. 998, 103 L.Ed.2d 249 (1989). Significantly, the Court noted that the plaintiff "does not, and cannot, claim that the state in any way restricted his freedom to act on his family's own behalf." Id.

Plaintiffs in the instant case present a similar argument that is precluded by the DeShaney and Bright decisions. Principal Bahm did no more than the police officer in Bright when he allegedly assured the Plaintiffs that actions would be taken to protect Leonard, Jr. Furthermore, Plaintiffs claim that they relied upon the alleged assurance by, like the Plaintiff in Bright, failing to take defensive action (i.e. removing Leonard, Jr. from school). Here, as in Bright, the state in no way restricted Plaintiffs' freedom to act on their family's own behalf. Plaintiffs were completely free to remove Leonard, Jr. from school after the first incident, or at any time they wished. Therefore, Plaintiffs' argument has already been addressed and rejected by the Third Circuit, and their "state-created danger" claim must fail as a matter of law.

Plaintiffs also incorrectly claim that Estate of Smith v. Marasco refuted the requirement of an affirmative act by the state. While it is true that the "state-created danger" doctrine requires that the state place an individual in a "foreseeable more dangerous position," that is not the standard for assessing the fourth prong of the test. Bright, 443 F.3d at 282 ("It is important to stress, for present purposes, that under the fourth element of a state-created danger claim, 'liability under the state-created danger theory is predicated upon the states' affirmative acts which work to the plaintiffs' detriments in terms of exposure to danger.'"). Rather, it is an additional hurdle for Plaintiffs to prove once they have provided evidence of some "misuse of state authority." Kaucher v. County of Bucks, 455 F.3d 418, 432 (3d. Cir. 2006).

The Third Circuit decided Kaucher three years after Marasco. In Kaucher, the Court referred to its opinion in Bright in order to explicitly clarify the fourth prong of the state-created danger test:

> We noted that "[i]f there were any inconsistency in the holdings of our prior cases regarding the fourth element of a state-created danger claim, the controlling precedent would be our *en banc* decision in *D.R. by L.R. v. Middle Bucks Area Vo. Tech. School*," where we affirmed *DeShaney*. We explained: "the Due Process Clause proscribes only state action, and accordingly, liability 'under the state created-danger theory [can only] be predicated upon the state's affirmative acts which work to plaintiffs' detriment in terms of exposure to danger.'"

Id. at 432 n.9 (citations omitted). The Bright Court further highlighted that the Third Circuit has "never found a state-created danger claim to be meritorious without an allegation and subsequent showing that state authority was affirmatively exercised."

Bright, 443 F.3d at 282. Thus, Plaintiffs here must present evidence of Principal Bahm's affirmative acts before they can argue whether those acts placed Leonard, Jr. in a "foreseeable more dangerous position."

Defendants respectfully request the Court to grant their summary judgment motion

Respectfully submitted,

_____
Diane Bernoff Sher[1]
Assistant General Counsel
Attorney for Defendants
440 N. Broad Street, 3rd Floor
Philadelphia, PA 19130
215-400-5610 (p)
215-400-4121 (f)

Date: June 17, 2010

---

[1] The School District gratefully acknowledges the assistance of Eric J. Kotloff, a summer intern in the Office of General Counsel, for his assistance in the preparation of the within Reply Memorandum. Mr. Kotloff expects to graduate from Villanova University School of Law in 2011.

## CERTIFICATE OF SERVICE

I hereby certify that the attached Amended Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment has been filed electronically on June 18, 2010 and is available for viewing and downloading from the ECF system.

Matthew B. Weisberg, Esquire
Prochniak & Weisberg, P.C.
7 S. Morton Avenue
Morton, PA  19070

_____
Attorney for Defendant
School District of Philadelphia
and Arlene Ackerman